# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO MORFIN,<br><br>      Plaintiff,<br>vs.<br>ACCREDITED HOME LENDERS, INC.;<br>et al.,<br><br>      Defendants. | CASE NO. 09cv792-WQH-BLM<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Notice of Bankruptcy Filing. (Doc. # 32).

**Background**

On April 16, 2009, Plaintiff initiated this action by filing a Complaint in this Court. (Doc. # 1). On April 16, 2009, Plaintiff filed Notice of Lis Pendens. (Doc. # 3). On August 27, 2009, Plaintiff filed a First Amended Complaint. (Doc. # 6).

On September 29, 2009, Defendant JP Morgan Chase Bank, N.A., as an acquirer of certain assets and liabilities of Washington Mutual Bank, filed a Motion to Dismiss the First Amended Complaint. (Doc. # 13).

On October 8, 2009, non-party Lendsure Investments Fund 1, LLC filed a Motion to Expunge Lis Pendens. (Doc. # 16).

On October 19, 2009, Plaintiff filed an opposition to Defendant JP Morgan Chase Bank, N.A.'s Motion to Dismiss. (Doc. # 19). On October 22, 2009, Plaintiff filed response in opposition to the Motion to Expunge Lis Pendens, and a Motion to Strike the Motion to

1  Expunge Lis Pendens.  (Doc. # 23-24).

2  On October 27, 2009, Defendant Franklin Credit Management Corporation filed a
3  Motion to Dismiss the First Amended Complaint.  (Doc. # 27).

4  On November 12, 2009, Plaintiff filed a Notice of Bankruptcy Filing. (Doc. # 32). The
5  Notice of Bankruptcy Filing notified the parties and the Court that on November 10, 2009,
6  Plaintiff filed a voluntary petition for bankruptcy under Chapter 7 of the United States
7  Bankruptcy Code with the United States Bankruptcy Court, Southern District of California,
8  case number 09-17310-LT7.

**Ruling of the Court**

10  Section 362(a) of the Bankruptcy Code operates as an automatic stay of the
11  commencement or continuation of a judicial proceeding "against the debtor" commenced prior
12  to the filing of bankruptcy. 11 U.S.C. § 362(a)(1).  "The automatic stay of § 362(a) is intended
13  to preserve the status quo and provide a debtor with a breathing spell from its creditors, while
14  simultaneously preventing creditors from racing to various courthouses to pursue independent
15  remedies against a debtor."  *In re Way*, 229 B.R. 11, 13 (9th Cir. B.A.P. 1998) (citation
16  omitted).  "The primary purposes of § 362 do not apply, however, to offensive actions by a
17  debtor or bankruptcy trustee, as the same policy considerations do not exist where the debtor
18  has initiated a prepetition lawsuit against a creditor.  Therefore, we have clearly held that the
19  automatic stay does not prohibit a defendant in an action brought by a plaintiff/debtor from
20  defending itself in that action."  *Id*. (citing *In re White*, 186 B.R. 700, 703 (9th Cir. B.A.P.
21  1995); *In re Merrick*, 175 B.R. 333, 336 (9th Cir. B.A.P. 1994)).  In *Way*, the defendants filed
22  a prepetition motion to dismiss, seeking dismissal of a lawsuit filed by the debtor in state court.
23  Following the bankruptcy filing, the state court ruled on the motion, and dismissed the lawsuit
24  with prejudice.  The Ninth Circuit Bankruptcy Appellate Panel held that the "[defendants] did
25  not violate the automatic stay by obtaining dismissal postpetition of a state court action
26  initiated by the debtor prepetition."  *Id*. at 15.  The Bankruptcy Appellate Panel "recognized
27  that § 362 does not prevent a trustee or a debtor from continuing to prosecute a debtor's
28  pre-bankruptcy lawsuit, and determined that out of fairness a defendant should be allowed to

defend himself from attack.... The automatic stay should not tie the hands of a defendant while the plaintiff debtor is given free reign to litigate." *Id.* at 14.

IT IS HEREBY ORDERED that this action, which was initiated by Plaintiff prepetition, is **not stayed**. Any opposition to the Motion to Dismiss the First Amended Complaint filed by Defendant Franklin Credit Management Corporation (Doc. # 27), shall be filed no later than **December 4, 2009**. Any reply shall be filed no later than **December 11, 2009**. After ruling on the pending Motions to Dismiss, the Court will consider what effect, if any, Plaintiff's bankruptcy filing has upon the pending Motion to Expunge Lis Pendens. (Doc. # 16).

DATED: November 17, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge