1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

9
10
11

ROBERTO MORFIN,

Plaintiff,

vs.

ACCREDITED HOME LENDERS, INC.;
ACCREDITED HOME LENDERS 2ND
TRUST DIVISION; HOMEFINDERS
REALTY; WASHINGTON MUTUAL;
FRANKLIN CREDIT MANAGEMENT
CORPORATION; AND ALL OTHER
CLAIMANTS OF WHATSOEVER
KIND AND CHARACTER AGAINST
REAL PROPERTY COMMONLY
KNOWN AS 6153 PASEO GRANITO,
CARLSBAD, CA 92009; APN
221-870-01-22; AND DOES 1
THROUGH 100 INCLUSIVE,

Defendants.

CASE NO. 09cv792-WQH-BLM

ORDER

12
13
14
15
16
17
18
19
20

HAYES, Judge:

21       The matter before the Court is the Motion to Dismiss, filed by Defendant JPMorgan

22  Chase Bank, N.A., as an acquirer of certain assets and liabilities of Washington Mutual Bank

23  from the Federal Deposit Insurance Corporation acting as receiver ("Chase").  (Doc. # 13).

24  **I.      Background**

25       On April 16, 2009, Plaintiff initiated this action by filing a Complaint in this Court.

26  (Doc. # 1).  On August 27, 2009, Plaintiff filed a First Amended Complaint.  (Doc. # 6).

27       On September 29, 2009, Chase filed a Motion to Dismiss the First Amended Complaint.

28  (Doc. # 13).  Chase's Motion to Dismiss moves for the dismissal of all claims in the First

1   Amended Complaint against Washington Mutual pursuant to Federal Rule of Civil Procedure

2   12(b)(6).[1]

3        On October 19, 2009, Plaintiff filed an opposition to Chase's Motion to Dismiss. (Doc.

4   # 19).

5        On October 27, 2009, Defendant Franklin Credit Management Corporation ("Franklin")

6   filed a Motion to Dismiss the First Amended Complaint. (Doc. # 27).

7        On November 12, 2009, Plaintiff filed a Notice of Bankruptcy Filing, which stated that

8   on November 10, 2009, Plaintiff filed a voluntary petition for bankruptcy under Chapter 7 of

9   the United States Bankruptcy Code with the United States Bankruptcy Court, Southern District

10  of California. (Doc. # 32).

11       On November 17, 2009, the Court issued an Order stating that "this action, which was

12  initiated by Plaintiff prepetition, is not stayed." (Doc. # 34 at 3).

13       On December 4, 2009, Plaintiff filed an opposition to Franklin's Motion to Dismiss.

14  (Doc. # 35).

15       On December 4, 2009, December 28, 2009 and January 13, 2010, Plaintiff and Franklin

16  filed joint motions for extension of time for Franklin to file a reply brief in support of its

17  Motion to Dismiss. (Doc. # 36, 38, 42). The Court granted each of these joint motions. (Doc.

18  # 37, 39, 43). Franklin's reply brief in support of its Motion to Dismiss is currently due no

19  later than March 1, 2010. The motions for extensions of time filed by Plaintiff and Franklin,

20  and the orders granting those motions for extension of time, have made no reference to the

21  Motion to Dismiss filed by Chase, which is currently pending before the Court.

22  **II.    Allegations of the First Amended Complaint**

23       Plaintiff is the owner of real property commonly known as 6153 Paseo Granito,

24  Carlsbad, CA 92009. This case arises out of two residential mortgage loan transactions that

25  took place on April 5, 2006. Defendant Washington Mutual is a servicer of these loans.

26  _____

27       [1] On September 25, 2008, Chase acquired certain assets and liabilities of Washington
    Mutual Bank, including Washington Mutual's interest in the loans which are the subject of this
28  litigation. (Doc. # 13-2, Ex. 7). Allegations in the First Amended Complaint against
    Washington Mutual are deemed to be against Chase.

Prior to the funding of the loan, the originating broker and lender misrepresented the terms of the loan.  "[T]he loans and related contracts contain conflicting terms that are not reasonably comprehensible by a consumer, possibly including but not limited to the Note, Addenda, Trust Deed, Rider(s), TILA, Estimated Settlement Statement(s), Final Settlement Statement(s), Escrow Instruction(s), all containing complicated and in many cases contradictory terms."  (Doc. # 6 ¶ 32).  "Defendants failed to provide Plaintiff with the proper disclosures required by state and federal law."  (Doc. # 6 ¶ 20).  "Defendants ... received Qualified Written Requests regarding the loans from Plaintiff and failed to adequately respond to Plaintiff's requests for information, which would have enabled Plaintiff an opportunity to work out the loans...."  (Doc. # 6 ¶ 23.)  "Defendants failed to fulfill their lawful obligations regarding servicing of the loans; in particular, Defendants made false offers of help to Plaintiff but never provided any meaningful help."  (Doc. # 6 ¶ 24.)

The First Amended Complaint alleges nine claims: (1) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2605 et seq.; (2) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq.; (3) violation of California Civil Code §§ 1632 et seq.; (4) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; (5) negligent misrepresentation; (6) fraud; (7) rescission; (8) quasi-contract; and (9) "determination of validity of lien" (Doc. # 6 at 25).

## III.   Discussion

### A.   Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Courts may "consider ... matters of judicial notice without converting the motion to dismiss into a motion for summary judgment."  *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint

1    "does not need detailed factual allegations" but the "[f]actual allegations must be enough to

2    raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

3    555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

4    requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

5    of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to

6    dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*,

7    --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true

8    allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

9    inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g.,*

10   *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general

11   statement that Wal-Mart exercised control over their day-to-day employment is a conclusion,

12   not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted

13   conclusion in reviewing a motion to dismiss."). "In sum, for a complaint to survive a motion

14   to dismiss, the non-conclusory factual content, and reasonable inferences from that content,

15   must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret*

16   *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

17   **B.    Request for Judicial Notice**

18        "A district court ruling on a motion to dismiss may consider documents whose contents

19   are alleged in a complaint and whose authenticity no party questions, but which are not

20   physically attached to the plaintiff's pleading." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06

21   (9th Cir. 1998) (quotation omitted). Also, "a district court ruling on a motion to dismiss may

22   consider a document the authenticity of which is not contested, and upon which the plaintiff's

23   complaint necessarily relies." *Id*. at 706. "[U]nder Fed. R. Evid. 201, a court may take judicial

24   notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir.

25   2001) (citation omitted).

26        Chase requests that the Court take judicial notice of the documents executed by Plaintiff

27   and relating to the property at issue, including the Deeds of Trust, which were recorded with

28   the San Diego County Recorder. (Doc. # 13-2). Chase also requests that the Court take

judicial notice of a Notice of Default and Election to Sell, and a Notice of Trustee's Sale, which both concern the first Deed of Trust and were filed with the San Diego County Recorder. *Id.* Plaintiff does not oppose Chase's request for judicial notice.

Plaintiff requests that the Court take judicial notice of five letters Plaintiff mailed to Washington Mutual, including three letters which purport to be Qualified Written Requests. (Doc. # 19-2). These documents are referenced in the First Amended Complaint. Chase does not oppose Plaintiff's request for judicial notice.

Each of the documents attached to the requests for judicial notice is a proper subject of a request for judicial notice. The authenticity of the documents has not been challenged. Accordingly, the requests for judicial notice are granted.

**C.    RESPA**

The First Amended Complaint alleges that Washington Mutual "failed to adequately respond to Plaintiff's Qualified Written Requests in violation of RESPA." (Doc. # 6 ¶ 44). The First Amended Complaint alleges that, as a result of Defendants' failure to respond to Plaintiff's Qualified Written Requests, Plaintiff lost the "opportunity to work out the loans" and otherwise sustained damages, including "including monetary loss, medical expenses, emotional distress, loss of employment, loss of credit, loss of opportunities, and other damages to be determined at trial." (Doc. # 6 ¶¶ 23, 46.)

In the Motion to Dismiss, Chase contends that "it is not clear from the scant factual allegations within the Amended Complaint what the [Qualified Written Request] pertained to, and thus what response was necessary, if any." (Doc. # 13-1 at 5). Chase also contends that "Plaintiff's RESPA claim fails because no pecuniary loss is alleged." *Id.*

RESPA imposes on loan servicers the duty to timely respond to inquiries concerning a consumer's mortgage loan whenever the loan servicer "receives a qualified written request from the borrower." 12 U.S.C. § 2605(e)(1)(A). A "Qualified Written Request" must (1) identify the name and account of the borrower and (2) set forth "a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C.

§ 2605(e)(1)(B).

The Court has taken judicial notice of three Qualified Written Requests sent to Washington Mutual. (Doc. # 19-2, Exs. A-C). These Qualified Written Requests identify the name and account of the borrower and "provides sufficient detail to the servicer regarding [the] information sought by the borrower," 12 U.S.C. § 2605(e)(1)(B), including the total amount borrowed, the present balance, an itemized statement of interest, the payment history, and the bank's "loan modification package and pre-foreclosure package." (Doc. # 19-2, Ex. A at 2). The Court concludes that these Qualified Written Requests satisfy the requirements of RESPA, 12 U.S.C. § 2605(e)(1)(B). The Court also concludes that the First Amended Complaint adequately alleges that Plaintiff suffered actual damages as a result of Washington Mutual's alleged failure to adequately respond to the Qualified Written Requests. (Doc. # 6 ¶¶ 23, 46.)

The Motion to Dismiss the RESPA claim against Washington Mutual is denied.

**D.    TILA**

The First Amended Complaint alleges that Defendants "violated TILA at the time of origination because, among other things: a. The interest rate on the note and the Truth-in-Lending disclosure were deceptively presented and not consistent; b. The APR was not correctly calculated; and c. The required payments to the Originating Lender and Broker were not fully disclosed." (Doc. # 6 ¶ 49).

Chase contends that the TILA claims are barred by the applicable statute of limitations. Plaintiff contends that the statute of limitations should be equitably tolled.

TILA is intended to protect consumers in credit transactions by requiring disclosure of key terms of the lending arrangement and its related costs. *See* 15 U.S.C. § 1601 et seq. A lender's violation of TILA allows the borrower to seek damages or to rescind a consumer loan secured by the borrower's primary dwelling. Rescission claims under TILA "shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f). "Equitable tolling does not apply to rescission under this provision of TILA, because §1635(f) completely extinguishes the right of rescission at the end of the 3-year period,' even if the lender has never made the required disclosures."

1   *Taylor v. Money Store*, 42 Fed. Appx. 932, 933 (9th Cir. 2002) (quoting *Beach v. Ocwen Fed.*

2   *Bank*, 523 U.S. 410, 412 (1998)).

3         Damages claims under TILA must be brought "within one year from the date of the

4   occurrence of the violation." 15 U.S.C. § 1640(e). "[A]s a general rule the limitations period

5   starts at the consummation of the transaction." *King v. California*, 784 F.2d 910, 915 (9th Cir.

6   1986); *see also Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (failure

7   to make the required disclosures under the TILA occurs at the time the loan documents were

8   signed). "The district courts, however, can evaluate specific claims of fraudulent concealment

9   and equitable tolling to determine if the general rule would be unjust or frustrate the purpose

10  of the [TILA] and adjust the limitations period accordingly." *King*, 784 F.2d at 915.

11  "Equitable tolling focuses primarily on the plaintiff's excusable ignorance of the limitations

12  period.... The doctrine ... does not apply when a late filing is due to claimant's failure to

13  exercise due diligence in preserving his legal rights." *Hensley v. U.S.*, 531 F.3d 1052, 1057-58

14  (9th Cir. 2008) (quotations omitted); *see also Meyer*, 342 F.3d at 902-03 (dismissing TILA

15  claim and denying equitable tolling because plaintiff was in full possession of all loan

16  documents and did not allege any concealment of loan documents or other action that would

17  have prevented discovery of the alleged TILA violations); *Hubbard v. Fid. Fed. Bank*, 91 F.3d

18  75, 79 (9th Cir.1996) (finding that plaintiff was not entitled to equitable tolling of her TILA

19  claim because "nothing prevented [plaintiff] from comparing the loan contract, [the lender's]

20  initial disclosures, and TILA's statutory and regulatory requirements").

21        Plaintiff consummated the loan transactions on April 5, 2006. (Doc. # 6 ¶ 17). Plaintiff

22  initiated this action by filing the Complaint on April 16, 2009, more than three years after the

23  consummation of the loan transactions. (Doc. # 1). Accordingly, Plaintiff's TILA claims are

24  time-barred, unless the doctrine of equitable tolling applies. *See King*, 784 F.2d at 915.

25        The First Amended Complaint alleges that "Defendants have fraudulently concealed

26  facts upon which the existence of Plaintiff's claim for TILA violations is based, and as such,

27  the statute of limitations is equitably tolled as to this Cause of Action." (Doc. # 6 ¶ 48). The

28  First Amended Complaint also alleges that "[t]he loan was negotiated in Spanish and terms

were explained to Plaintiff at closing in Spanish; however all documents provided to Plaintiff were in English." (Doc. # 6 ¶ 26). The Court concludes that these allegations are insufficient to satisfy the requisite pleading standards to show that equitable tolling may be warranted. *See Twombly*, 550 U.S. at 555. The First Amended Complaint does not allege when or how Plaintiff discovered the alleged TILA violations and does not allege that Plaintiff could not reasonably have discovered the alleged TILA violations earlier. Plaintiff had an English-speaking attorney no later than January 10, 2008, when the attorney sent the first Qualified Written Request (Doc. # 19-2, Ex. A). Plaintiff has proferred no reason why he waited over fifteen months after retaining an English-speaking attorney to file this action. *See Hensley*, 531 F.3d at 1058 ("The doctrine [of equitable tolling] ... does not apply when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights.").

The Motion to Dismiss the TILA claims against Washington Mutual is granted.

### E.    California Civil Code § 1632

The First Amended Complaint alleges: "Plaintiff is a native Spanish speaker and the negotiations and transaction were conducted primarily in Spanish; however, no contract documents or disclosures were delivered to Plaintiff prior to the transaction in Spanish, in violation of California Civil Code §1632 et seq." (Doc. # 6 ¶ 52).

Chase moves to dismiss this claim on the grounds that § 1632 does not require translation for loans secured by real property, and Washington Mutual was not the originating lender. (Doc. # 13-1 at 7).

When negotiations occur primarily in Spanish, § 1632 governs when a written Spanish translation must be provided. *See* Cal. Civ.Code § 1632(b). Generally, § 1632 does not require disclosure of Spanish language documents where a loan is secured by real property. *See* Cal. Civ. Code § 1632(b)(2). However, § 1632(b)(4) contains an exception, which requires a Spanish translation if the "loan or extension of credit is for use primarily for personal, family or household purposes...." Cal. Civ. Code § 1632(b)(4). Additionally, in order for a defendant to be liable pursuant to the exception stated in § 1632(b)(4), the defendant must have been a broker, acting as a broker, or in an agency relationship with a

1  broker. *See Alvara v. Aurora Loan Servs., Inc.*, No. C-09-1512, 2009 WL 1689640, at *3-*4

2  (N.D. Cal., June 16, 2009) (collecting cases).

3  In this case, Plaintiff's loan is secured by real property and, according to the general

4  rule, is not subject to the Spanish translation requirement.  Plaintiff contends that his loan falls

5  within the § 1632(b)(4) exception.  However, the First Amended Complaint fails to allege that

6  the loan was used for "primarily personal, family or household purposes."   Additionally,

7  although the First Amended Complaint alleges that Washington Mutual's "rights and duties

8  with respect to the loans are derivative of the rights and duties of [the broker] at the originating

9  stage of the loans" (Doc. # 6 ¶ 53), this allegation is insufficient to allege that an agency

10  relationship existed between the broker and Washington Mutual.

11  The Motion to Dismiss the § 1632 claim against Washington Mutual is granted.

12  **F.     Unfair Competition**

13  The allegations related to Plaintiff's unfair competition claim are as follows:

> Defendants have engaged in business practices that are unlawful, unfair and
> fraudulent.... Defendants' business practices are unlawful as the activities
> alleged herein, i.e. those described in the foregoing causes of action, are
> forbidden by law.... Defendants' business practices are unfair because they
> offend public policy, are immoral, unethical, oppressive, and substantially
> injurious to consumers.  Defendants, with little to no regard to Plaintiff's
> financial condition, brokered, executed and serviced the loans....  Due to the
> loans, Plaintiff is burdened with a higher interest rate, a mortgage that did not
> pay off the debts (as Defendants promised it would) and the period of Plaintiff's
> mortgage is longer than it should be; in return, Defendants and each of them
> have unfairly and unlawfully received commissions, fees and payments from
> Plaintiff.... Finally, Defendants business practices were fraudulent because their
> activities were deceptive to the public.  Among other things, Defendants
> represented to Plaintiff that very favorable loans, loan terms and interest rates
> were available, when in fact, they were not.

22  (Doc. # 6 ¶¶ 56-60).

23  Chase contends that "nothing in this cause of action suggests that the unfair competition

24  claim is even facially plausible as required by *Iqbal*, and the claim should be dismissed."

25  (Doc. # 13-1 at 9).  Chase also contends that "[t]he purported unfair business practices arise

26  from the alleged predatory lending by of the loan originators," and Washington Mutual cannot

27  be held liable for the alleged predatory lending of the other parties.  (Doc. # 13-1 at 8-9).

28  California Business and Professions Code § 17200 provides: "[U]nfair competition shall

mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code § 17200.  "'Because ... section 17200 is written in the disjunctive, it establishes three varieties of unfair competition–acts or practices which are unlawful, or unfair, or fraudulent.'... 'A practice is prohibited as 'unfair' or 'deceptive' even if not 'unlawful' or vice versa.'"  *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003) (quoting *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999)).  Section 17200 "'borrows' violations of other laws and treats" them as unlawful business practices "independently actionable under section 17200."  *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992).  "Violation of almost any federal, state, or local law may serve as the basis for a[n] [unfair competition] claim."  *Plascencia v. Lending 1st Mortg.*, 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008) (citing *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838-39 (1994)).  A "defendant's alleged RESPA violation can serve as a foundation for plaintiff's Bus. & Prof. Code § 17200 claim for relief."  *Brewer v. Indymac Bank*, 609 F. Supp. 2d 1104, 1122-23 (E.D. Cal. 2009) (citing *Farmers*, 2 Cal. 4th at 383; *Monaco v. Bear Stearns Residential Mortg. Corp.*, 554 F. Supp. 2d 1034 (C.D. Cal. 2008)).

The Court has concluded that the Motion to Dismiss Plaintiff's RESPA claim against Washington Mutual should be denied.  To the extent Plaintiff's § 17200 claim is predicated on the alleged RESPA violation, the Motion to Dismiss Plaintiff's § 17200 claim against Washington Mutual is likewise denied.  *See Brewer*, 609 F. Supp. 2d at 1122-23.  To the extent Plaintiff's § 17200 claim against Washington Mutual is based upon "unlawful" conduct other than the alleged RESPA violation, the § 17200 claim is dismissed for the reasons stated elsewhere in this Order.

To the extent Plaintiff's § 17200 claim against Washington Mutual is based upon "unfair" and/or "fraudulent" conduct, the First Amended Complaint fails to satisfy the requisite pleading standards to allege specifically how Washington Mutual is liable.  *See Iqbal*, 129 S. Ct. at 1950; *Twombly*, 550 U.S. at 555.  In order to satisfy the requisite pleading standards, Plaintiff must identify the allegedly wrongful acts of each Defendant, particularly in a case

such as this, where the Defendants include a broker, multiple lenders, multiple servicers and multiple loans. An "unfair practices claim under section 17200 cannot be predicated on vicarious liability.... A defendant's liability must be based on his personal 'participation in the unlawful practices' and 'unbridled control' over the practices that are found to violate section 17200 or 17500." *Emery v. Visa Int'l Serv. Ass'n*, 95 Cal. App. 4th 952, 960 (2002) (quoting *People v. Toomey*, 157 Cal. App. 3d 1, 15 (1984)).

The Motion to Dismiss Plaintiff's § 17200 claim against Washington Mutual is denied, to the extent the § 17200 claim is predicated on the alleged RESPA violation. Otherwise, the Motion to Dismiss the § 17200 claim against Washington Mutual is granted.

## G.    Negligent Misrepresentation

The First Amended Complaint alleges that "[Washington Mutual] and/or Franklin Credit made a misrepresentation of material fact by representing to Plaintiff that they had the authority and right to foreclose on the loans, when in fact, they did not." (Doc. # 6 ¶ 69). The First Amended Complaint also alleges that "[Washington Mutual] and/or Franklin Credit aided, abetted and were in a contractual relationship with [the originating lenders] and other investors as to downstream transactions regarding transfer and servicing of the loans." (Doc. # 6 ¶ 68).

Chase moves for the dismissal of the negligent misrepresentation claim against Washington Mutual on the basis that Plaintiff fails to satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b).

The elements of a negligent misrepresentation claim are:

> (1) a misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with the intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damages.

*Natn'l Union Fire Ins. Co. v. Cambridge Integrated Servs. Group, Inc.*, 171 Cal. App. 4th 35, 50 (2009). "It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirement." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); *see also Lorenz v. Sauer*, 807 F.2d 1509, 1511-12 (9th Cir. 1987) ("Under California law, negligent misrepresentation is a species

of actual fraud...."). Pursuant to Rule 9(b), "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) does not allow a complaint to merely lump multiple defendants together but "require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP,* 476 F.3d 756, 764-65 (9th Cir. 2007). "[T]he plaintiffs must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme." *Id.*; *see also Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) ("While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient.").

Plaintiff fails to allege  the circumstances surrounding the alleged negligent misrepresentations with the particularity required by Rule 9(b).  Plaintiff does not state the time and place the alleged misrepresentations were made, and fails to differentiate between different Defendants.  The Motion to Dismiss the negligent misrepresentation claim against Washington Mutual is granted.

### H.    Fraud

The First Amended Complaint alleges that "[a]fter the loans were transferred to [Washington Mutual] and Franklin Credit, they threatened and/or initiated foreclosure proceedings against Plaintiff.  Defendants represented among other things that: a. [t]he loans were validly entered into and properly initiated free of unlawful or fraudulent inducements; b. Defendants had proper authority to foreclose on the loans.  The representations made to Plaintiff by Defendants were in fact false."  (Doc. # 6 ¶¶ 92-94).

Chase contends that Plaintiff's claim for fraud fails because Plaintiff has lumped together the defendants and "Plaintiff makes no effort to allege who made the specific misrepresentation, the nature of the misrepresentation, on what authority it was made and to whom, much less the date on which the alleged misrepresentation occurred."  (Doc. # 13-1 at 11).

For the reasons stated above with respect to the negligent misrepresentation claim, the

Court concludes that Plaintiff has failed to allege the circumstances surrounding the fraud with particularity as required by Federal Rule of Civil Procedure 9(b).  The Motion to Dismiss the fraud claim against Washington Mutual is granted.

### I.      Rescission

The First Amended Complaint alleges that "Plaintiff is entitled to rescind the loans because the note and contract were defectively and/or fraudulently consummated in violation of applicable laws."  (Doc. # 6 ¶ 106).

Chase contends that Plaintiff fails to "state a viable claim for rescission" and Plaintiff fails to "allege his ability to 'do equity' by restoring to the defendant everything of value which the Plaintiff has received from [Washington Mutual]."  (Doc. # 13-1 at 11).

Plaintiff contends that "Plaintiff has stated sufficient facts for a cause of action for rescission" because "Plaintiff alleges that Defendants failed to provide the required TILA and Regulation Z disclosures, and that he was not able to understand the terms of his agreement because the disclosures were not reasonably amenable to a consumer and Plaintiff, and no disclosures or contract terms were provided in Spanish, as required by state law."  (Doc. # 19 at 15).  Plaintiff also contends that tender "may not be required where it would be inequitable to do so."  (Doc. # 19 at 16).

Plaintiff has conceded that any right to rescind the transaction is dependent on his claims for TILA violations, violation of California Civil Code § 1632, negligent misrepresentation and/or fraud.  (Doc. # 19 at 15-16).  Because the Court has dismissed these claims as to Washington Mutual, Plaintiff's claim for rescission against Washington Mutual must also be dismissed.

### J.      Quasi Contract

In his "quasi contract" claim, Plaintiff alleges: "Defendants have received fees, costs, commissions, payments, and/or other money which each Defendant has unjustly retained.... By their misrepresentations, omissions and other wrongful acts alleged heretofore, Defendants, and each of them, were unjustly enriched at the expense of Plaintiff, and Plaintiff was unjustly deprived, and is entitled to restitution."  (Doc. # 6 ¶¶ 114-16).

Chase contends that "Plaintiff does not allege a viable claim for unjust enrichment" because "Plaintiff may not simply conclude Defendant was unjustly enriched based upon the allegations elsewhere in the Amended Complaint—particularly where those allegations fail to state a cause of action." (Doc. # 13-1 at 12).

Plaintiff contends that "[i]f the proper disclosures were not provided to the borrower, as required by federal and state law, then the original agreement may not be enforceable, and unjust enrichment would be appropriate for a quasi-contract cause of action." (Doc. # 19 at 17).

Plaintiff's claim for "quasi contract" is a claim for unjust enrichment. *See Supervalu Inc. v. Wexford Underwriting Managers, Inc.*, 175 Cal. App. 4th 64, 78 (2009) ("If an entity obtains a benefit that it is not entitled to retain, the entity is unjustly enriched. The aggrieved party is entitled to restitution, which is synonymous with quasi-contractual recovery.") (citation omitted). In order to state a claim against Washington Mutual, Plaintiff must adequately allege that Washington Mutual's receipt and retention of a benefit was wrongful. His claim for unjust enrichment is therefore dependent on the other causes of action alleged in this action. The Court has dismissed Plaintiff's other state and federal law claims against Washington Mutual—with the exception of Plaintiff's RESPA claim related to the Qualified Written Requests and the dependant § 17200 claim. The allegations related to the quasi contract claim do not specify if and when Washington Mutual "received fees, costs, commissions, [and] payments." (Doc. # 6 ¶ 116). The allegations of the First Amended Complaint fail to indicate that the benefits received by Washington Mutual occurred after the date the Qualified Written Requests were sent, and if Washington Mutual's allegedly unjust retention of those benefits were related to the alleged RESPA violation. Accordingly, the Court cannot conclude that Plaintiff states a plausible claim for quasi contract against Washington Mutual. *See Iqbal*, 129 S. Ct. at 1950.

The Motion to Dismiss the quasi contract claim against Washington Mutual is granted.

**K.     Determination of the Validity of the Lien**

In his claim for "determination of the validity of the lien," Plaintiff alleges that "the

defective documentation, false representations and/or fraud that induced Plaintiff to enter into the loans render the security interest invalid and unenforceable." (Doc. # 6 ¶ 118).

Chase contends that "Plaintiff's claim for determination of validity of the lien fails on its face." (Doc. # 13-1 at 12). Plaintiff contends that "because of the defective documentation, false representations and/or fraud that induced Plaintiff to enter into the loan, Defendants have forfeited any and all interest in the Subject Property because of Defendants' wrongful acts alleged in the [First Amended Complaint]." (Doc. # 19 at 18).

The Court has dismissed all claims against Washington Mutual related the allegedly "defective documentation, false representations and/or fraud that induced Plaintiff to enter into the loan." *Id.* Because all claims against Washington Mutual which would undermine the validity of the lien have been dismissed, the claim against Washington Mutual for determination of the validity of the lien must also be dismissed.

**IV.    Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss the First Amended Complaint filed by Defendant JP Morgan Chase Bank, N.A., as an acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as receiver, is **GRANTED** in part and **DENIED** in part. (Doc. # 13). The Motion to Dismiss is denied as to the RESPA claim and the § 17200 claim which is predicated on the alleged RESPA violation. In all other respects, the First Amended Complaint is **DISMISSED** without prejudice as to Washington Mutual.

DATED: January 26, 2010

**WILLIAM Q. HAYES**
United States District Judge